## Hiram Hunt *vs.* Walter M. Rogers.

If upon the dissolution of a firm there is an oral agreement between the partners that one of them shall take the joint property and pay the joint debts, and after taking the property he fails to pay the debts, the other may voluntarily pay them, and maintain an action against the former to recover the amounts so paid by him.

Contract for money paid.

At the trial in the superior court, before *Ames*, J., the plaintiff introduced evidence tending to show that he, having been in copartnership with the defendant Rogers and James Brown, Jr., who was originally joined as a defendant, but was defaulted, withdrew from the firm on the 17th of October 1853, and that it was then agreed that all the joint property should belong to Rogers and Brown, and that they should pay all the joint debts; but that they, after taking all the property, failed to pay a portion of the debts, whereupon the plaintiff paid all of the debts which had not been paid by them. The defendant asked the court to rule that the plaintiff must prove a legal dissolution of the firm, and an accounting by the parties; that at the dissolution there must have been an adjustment of the amounts due, which Rogers and Brown were to pay; and that the promise to Hunt was collateral and not binding, unless in writing. The judge declined so to rule, and instructed the jury that if the firm was dissolved on the 17th of October, so far as the plaintiff was concerned, by his withdrawal therefrom, with an express agreement that he was to give up all the joint property, and that they

were to provide for all the joint debts and indemnify him against them, and if he had carried out the agreement on his part, and in consequence of their failure or neglect had been called upon or required to pay, and had in fact paid all the debts of the firm which remained unpaid by them, he was entitled to recover in this action.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A V. Lynde,* for the defendant.

*A. B. Coffin,* for the plaintiff.

CHAPMAN, J. All the rulings in this case were clearly right. When one partner retires from a firm, taking a certain sum of money, in consideration of which he sells out to the others his interest in the assets, he is no longer a member of the firm, and no accounting or adjustment of their affairs is necessary. If the other members agree to pay the joint debts, and indemnify him against them, but omit to pay them as they become due, he may pay them upon request or voluntarily, and recover the amount so paid of the other partners. Such an agreement is not, within the statute of frauds, a collateral agreement to pay the debt of another. *Exceptions overruled.*